**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*
Richard L. Steer, Esq. (RS 0300)
1350 Broadway, 11th Floor
New York, New York 10018
Phone: (212) 216-8000
Fax: (212) 216-8001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

| | |
|---|---|
| YACHI CHEN, | : |
| | : |
| Plaintiff, | :   Civil Case No. |
| | :   08 CV 2499 |
| -against- | : |
| | : |
| NEW YORK UNIVERSITY, NEW YORK | :   **ANSWER** |
| UNIVERSITY SCHOOL OF MEDICINE and | : |
| WENBAIO GAN, | : |
| | : |
| Defendants. | : |

------------------------------------------------------------------------x

Defendants, New York University ("NYU"), New York University School of Medicine

(NYUSOM") and Wenbiao Gan ("Dr. Gan") (collectively "Defendants"), by their attorneys

Tarter Krinsky & Drogin LLP, as and for their Answer to Plaintiff's Complaint allege as follows:

### Nature of the Action

1.      Admit that this is an action for sex discrimination and retaliation under the

statutes alleged in Paragraph "1" of the Complaint and that Plaintiff seeks the relief demanded

therein, but deny any relief is warranted.

### Jurisdiction and Venue

2.      Admit that jurisdiction of this Court is invoked pursuant to the statutes alleged, as

set forth in Paragraph "2" of the Complaint, but deny any jurisdiction exists against Dr. Gan

under Title VII of the Civil Rights Act of 1964, and refer all other issues of law to this Court for

its determination.

00132316

3.    Deny that any unlawful acts or discriminatory practices were committed, as alleged in Paragraph "3" of the Complaint, but admit that venue in the Southern District of New York is proper.

4.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "4" of the Complaint.

5.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "5" of the Complaint.

**Parties**

6.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "6" of the Complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "7" of the Complaint.

8.    Admit the allegations contained in Paragraph "8" of the Complaint.

9.    Admit the allegations contained in Paragraph "9" of the Complaint.

10.    Admit the allegations contained in Paragraph "10" of the Complaint.

11.    Deny the allegations contained in Paragraph "11" of the Complaint, and refer all questions of law to the Court.

12.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "12" of the Complaint and refer all questions of law to the Court.

13.    Admit the allegations contained in Paragraph "13" of the Complaint.

14.    Deny the allegations contained in Paragraph "14" of the Complaint.

00132316

## Statement of Facts

15.    Deny the allegations contained in Paragraph "15" of the Complaint, except admit that Plaintiff commenced employment on or about January 5, 2004.

16.    Deny the allegations contained in Paragraph "16" of the Complaint in the form alleged, except admit Plaintiff was directly supervised by Dr. Gan and worked exclusively within the research laboratory under his direction.

17.    Admit the allegations contained in Paragraph "17" of the Complaint.

18.    Deny the allegations contained in Paragraph "18" of the Complaint in the form alleged, except admit Plaintiff was requested to work on four research projects.

19.    Admit the allegations contained in Paragraph "19" of the Complaint.

20.    Deny the allegations contained in Paragraph "20" of the Complaint, except admit that at certain times Plaintiff's primary responsibility was the KV3.2 Knock-Out Project.

21.    Deny the allegations contained in Paragraph "21" of the Complaint in the form alleged except admit that a goal of the Knock-Out Project was to publish a scholarly research article.

22.    Deny the allegations contained in Paragraph "22" of the Complaint in the form alleged.

23.    Deny the allegations contained in Paragraph "23" of the Complaint.

24.    Deny the allegations contained in Paragraph "24" of the Complaint.

25.    Deny the allegations contained in Paragraph "25" of the Complaint in the form alleged except admit that Plaintiff did receive certain positive feedback from Dr. Gan.

26.    Deny the allegations contained in Paragraph "26" of the Complaint, except admit that at times Dr. Gan praised Plaintiff and advised her she was hardworking and responsible.

3

00132316

27.   Deny the allegations contained in Paragraph "27" of the Complaint.

28.   Admit the allegations contained in Paragraph "28" of the Complaint.

29.   Admit the allegations contained in Paragraph "29" of the Complaint.

30.   Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "30" of the Complaint, except admit that plaintiff alleges that she gave birth on or about January 26, 2006.

31.   Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "31" of the Complaint, except admit that Plaintiff advised she had developed an infection.

32.   Deny the allegations contained in Paragraph "32" of the Complaint, except admit that Plaintiff returned to the lab on or about April 10, 2006.

33.   Deny the allegations contained in Paragraph "33" of the Complaint.

34.   Deny the allegations contained in Paragraph "34" of the Complaint.

35.   Deny the allegations contained in Paragraph "35" of the Complaint.

36.   Admit the allegations contained in Paragraph "36" of the Complaint.

37.   Deny the allegations contained in Paragraph "37" of the Complaint.

38.   Deny the allegations contained in Paragraph "38" of the Complaint.

39.   Deny the allegations contained in Paragraph "39" of the Complaint, except admit Dr. Gan met with Plaintiff approximately once every two weeks to discuss research data.

40.   Deny the allegations contained in Paragraph "40" of the Complaint, except admit Dr. Gan addressed Plaintiff in a civil and professional manner.

41.   Deny the allegations contained in Paragraph "41" of the Complaint, except admit that Dr. Gan had expressed some satisfaction with Plaintiff's progress prior to her leave.

4

00132316

42.     Deny the allegations contained in Paragraph "42" of the Complaint in the form alleged.

43.     Deny the allegations contained in Paragraph "43" of the Complaint.

44.     Deny the allegations contained in Paragraph "44" of the Complaint.

45.     Admit the allegations contained in Paragraph "45" of the Complaint.

46.     Deny the allegations contained in Paragraph "46" of the Complaint, and refer the Court to Dr. Gan's email dated August 8, 2006 for its contents.

47.     Deny the allegations contained in Paragraph "47" of the Complaint.

48.     Deny the allegations contained in Paragraph "48" of the Complaint.

49.     Deny the allegations contained in Paragraph "49" of the Complaint.

50.     Deny the allegations contained in Paragraph "50" of the Complaint.

51.     Deny the allegations contained in Paragraph "51" of the Complaint.

52.     Deny the allegations contained in Paragraph "52" of the Complaint.

53.     Deny the allegations contained in Paragraph "53" of the Complaint.

54.     Deny the allegations contained in Paragraph "54" of the Complaint.

55.     Deny the allegations contained in Paragraph "55" of the Complaint.

56.     Deny the allegations contained in Paragraph "56" of the Complaint.

57.     Admit the allegations contained in Paragraph "57" of the Complaint.

58.     Deny the allegations contained in Paragraph "58" of the Complaint.

59.     Deny the allegations contained in Paragraph "59" of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "60" of the Complaint, except admit that Plaintiff met with Dr. Tillman, NYUSOM's Postdoctoral Program Coordinator on or about September 11,

2006, but deny that Plaintiff advised Dr. Tillman concerning alleged inappropriate and discriminatory conduct by Dr. Gan.

61.    Deny the allegations contained in Paragraph "61" of the Complaint, except admit that Plaintiff requested Dr. Tillman to intervene on her behalf.

62.    Admit the allegations contained in Paragraph "62" of the Complaint.

63.    Deny the allegations contained in Paragraph "63" of the Complaint.

64.    Deny the allegations contained in Paragraph "64" of the Complaint.

65.    Deny the allegations contained in Paragraph "65" of the Complaint, except admit that Plaintiff had not been the subject of employee discipline.

66.    Deny the allegations contained in Paragraph "66" of the Complaint in the form alleged, except admit that based upon Plaintiff's statement that she would be leaving in four to six months NYU would be terminating her employment.

67.    Deny the allegations contained in Paragraph "67" of the Complaint in the form alleged.

68.    Deny the allegations contained in Paragraph "68" of the Complaint, except admit that Dr. Tillman sent Dr. Gan a template for an appointment expiration letter.

69.    Deny the allegations contained in Paragraph "69" of the Complaint.

70.    Deny the allegations contained in Paragraph "70" of the Complaint.

71.    Deny the allegations contained in Paragraph "71" of the Complaint, and refer the Court to NYUSOM's post doctoral handbook for its contents.

72.    Deny the allegations contained in Paragraph "72" of the Complaint, except admit that Plaintiff was not provided a formal re-appointment letter.

00132316

73.     Deny the allegations contained in Paragraph "73" of the Complaint, except admit references to the period of five years of postdoctoral status, and refer the Court to the letter in issue for its content.

74.     Deny the allegations contained in Paragraph "74" of the Complaint in the form alleged, and refer the Court to the Handbook in issue for its content.

75.     Deny the allegations contained in Paragraph "75" of the Complaint.

76.     Deny the allegations contained in Paragraph "76" of the Complaint.

77.     Deny the allegations contained in Paragraph "77" of the Complaint in the form alleged.

78.     Deny the allegations contained in Paragraph "78" of the Complaint.

79.     Deny the allegations contained in Paragraph "79" of the Complaint.

80.     Deny the allegations contained in Paragraph "80" of the Complaint, and refer the Court to NYUSOM's personnel documents for their content.

81.     Deny the allegations contained in Paragraph "81" of the Complaint.

82.     Admit the allegations contained in Paragraph "82" of the Complaint.

83.     Deny the allegations contained in Paragraph "83" of the Complaint.

84.     Deny the allegations contained in Paragraph "84" of the Complaint.

85.     Deny the allegations contained in Paragraph "85" of the Complaint.

86.     Deny the allegations contained in Paragraph "86" of the Complaint.

87.     Deny the allegations contained in Paragraph "87" of the Complaint.

88.     Deny the allegations contained in Paragraph "88" of the Complaint.

89.     Deny the allegations contained in Paragraph "89" of the Complaint.

90.     Deny the allegations contained in Paragraph "90" of the Complaint.

00132316

91.   Deny the allegations contained in Paragraph "91" of the Complaint, except admit that Plaintiff had unexplained absences from the lab.

92.   Deny the allegations contained in Paragraph "92" of the Complaint.

93.   Deny the allegations contained in Paragraph "93" of the Complaint.

94.   Deny the allegations contained in Paragraph "94" of the Complaint.

95.   Deny the allegations contained in Paragraph "95" of the Complaint.

96.   Deny the allegations contained in Paragraph "96"of the Complaint.

97.   Deny the allegations contained in Paragraph "97" of the Complaint.

98.   Deny the allegations contained in Paragraph "98" of the Complaint.

99.   Deny the allegations contained in Paragraph "99" of the Complaint.

## COUNT I

100.   Defendants repeat, restate and reallege each and every response set forth in Paragraphs "1" through "99" above as if set forth herein again at length.

101.   Deny the allegations contained in Paragraph "101" of the Complaint.

102.   Deny the allegations contained in Paragraph "102" of the Complaint.

## COUNT II

103.   Defendants repeat, restate and reallege each and every response set forth in Paragraphs "1" through "102" above as if set forth herein again at length.

104.   Deny the allegations contained in Paragraph "104" of the Complaint.

105.   Deny the allegations contained in Paragraph "105" of the Complaint.

## COUNT III

106.   Defendants repeat, restate and reallege each and every response set forth in Paragraphs "1" through "105" above as if set forth herein again at length.

00132316

107.    Deny the allegations contained in Paragraph "107" of the Complaint.

108.    Deny the allegations contained in Paragraph "108" of the Complaint.

109.    Deny the allegations contained in Paragraph "109" of the Complaint.

## COUNT IV

110.    Defendants repeat, restate and reallege each and every response set forth in Paragraphs "1" through "109" above as if set forth herein again at length.

111.    Deny the allegations contained in Paragraph "111" of the Complaint.

112.    Deny the allegations contained in Paragraph "112" of the Complaint.

113.    Deny the allegations contained in Paragraph "113" of the Complaint.

## COUNT V

114.    Defendants repeat, restate and reallege each and every response set forth in Paragraphs "1" through "113" above as if set forth herein again at length.

115.    Deny the allegations contained in Paragraph "115" of the Complaint.

116.    Deny the allegations contained in Paragraph "116" of the Complaint.

117.    Deny the allegations contained in Paragraph "117" of the Complaint.

## COUNT VI

118.    Defendants repeat, restate and reallege each and every response set forth in Paragraphs "1" through "117" above as if set forth herein again at length.

119.    Deny the allegations contained in Paragraph "119" of the Complaint.

120.    Deny the allegations contained in Paragraph "120" of the Complaint.

121.    Deny the allegations contained in Paragraph "121" of the Complaint.

## AS A FIRST AFFIRMATIVE DEFENSE

122.    The Complaint fails to state a claim upon which relief may be granted.

9

00132316

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

123.    This Court lacks subject matter jurisdiction over the claims against Dr. Gan under Title VII of the Civil Rights Act of 1974, as amended.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

124.    At all times Defendants acted in good faith without reckless disregard of Plaintiff's rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

125.    Upon information and belief, certain of Plaintiff's claims are barred in whole or in part by unclean hands, waiver, and estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

126.    Upon information and belief, certain of Plaintiff's claims are time barred in whole or in part.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

127.    Worker's Compensation is the exclusive remedy for certain of Plaintiff's claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

128.    NYU and NYUSOM had policies and procedures to prevent and remedy employment discrimination and Plaintiff negligently failed to utilize them.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

129.    Attorneys' fees and punitive damages are not available under the New York Human Rights Law.

00132316

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety together with the costs, expenses and attorneys' fees in this action and such other relief as this Court may deem just.

Dated: New York, New York
      May 14, 2008

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendants*

By: _____
      Richard L. Steer, Esq. (RS 0300)
      1350 Broadway, 11th Floor
      New York, NY 10018
      Phone: (212) 216-8000
      Fax: (212) 216-8001

TO:   **BANTLE & LEVY LLP**
      Attn: Robert L. Levy, Esq.
      *Attorneys for Plaintiff*
      817 Broadway
      New York, NY 10003
      Phone: (212) 228-9666

00132316